**STATE OF VERMONT**

**ENVIRONMENTAL COURT**

| | |
|---|---|
| Appeal of Julie Guerette and<br>Garrett Paquette | }<br>}<br>}    Docket No.266-12-02 Vtec<br>}<br>} |

Decision and Order on Motion to Dismiss

Appellants Julie Guerette and Garrett Paquette appealed from two decisions of the Zoning Board of Adjustment (ZBA) of the Town of Burke to grant conditional use permits to Appellee-Applicant Bradley Deth, one rendered orally at the ZBA= s September 11, 2002 hearing approving an existing building for > light industry= use, and the other rendered orally on October 10, 2002 for a pole barn to house a small sawmill. Appellants represent themselves; Appellee-Applicant is represented by Deborah T. Bucknam, Esq.; the Town of Burke is represented by Jill L. Broderick, Esq. Appellee-Applicant has moved to limit the scope of this appeal to issues raised only by the grant of the October conditional use permit, and to dismiss issues related the September actions of the ZBA as not timely appealed.

The following facts are undisputed unless otherwise noted.

In March 2002, the ZBA issued Appellee-Applicant a conditional use permit to build a building on his property to house a small sawmill. The Zoning Bylaws require that sawmill buildings be set back more than 200 feet from neighboring property lines. Appellee-Applicant constructed the building 125 feet from Appellants= property line, rather than the 400 feet he had shown in his permit application. In August 2002 he applied for a variance to leave the building in place; both he and Appellants participated in the September 11, 2002 hearing warned for that purpose. The ZBA denied the variance application, but allowed Appellee-Applicant to change his application at the hearing, to apply for a conditional use permit for that building to be used to store drying lumber and to use other woodworking equipment, as a > light industry= use. At that hearing on September 11, 2002 the ZBA granted Appellee-Applicant a conditional use permit for the building for that > light industry= use, with conditions. The ZBA does not appear to have issued any written decision addressing the criteria for conditional use approval or containing the conditions, or warning the parties of their appeal rights. The ZBA approved its September 11, 2002 minutes at the hearing on October 10, 2002, but neither party has supplied the September 11, 2002 minutes of the ZBA.

A building permit was issued for this project on September 11, 2002, removed on September 26, 2002, and recorded in the land records on September 27, 2002, all before the minutes containing the conditional use approval and its conditions were approved by or signed by the ZBA.

On September 20, 2002, Appellee-Applicant applied to construct a pole barn to house the sawmill, in a location at least 200 feet from Appellants= property line. Appellant Paquette was present for the October 9, 2002 ZBA hearing on this application. The ZBA granted a conditional use permit for the sawmill building at the hearing. Again, no separate written decision addressing the criteria for conditional use approval or containing the conditions appears to have been issued by the ZBA. The materials supplied by the parties do not reflect when the October 9, 2002 minutes were approved by the ZBA.

Appellants= notice of appeal is internally dated October 23, 2002, but the Secretary of the ZBA stamped it as received on October 30, 2002. Appellants received some conflicting information from the Town about the procedures for appeal, and called the Environmental Court for guidance and spoke to the Court Manager on November 7, 2002. They paid the filing fee in late November 2002.

While an appellant is entitled to appeal from an orally-issued decision of a ZBA, the 30-day appeal period does not begin to run until the issuance of the written decision. In a town which does not issue a written decision separate from that shown in the minutes of the ZBA proceedings, the appeal period may be measured from the approval and signing of the minutes for the meeting at which the decision was made. The September 11, 2002 ZBA meeting minutes[1] were approved at the October 10, 2002 meeting of the ZBA. Accordingly, even if Appellants= notice of appeal was not received by the secretary of the ZBA until October 30, 2002, it was effective to appeal the September conditional use permit to the Court, as well as to appeal the orally-issued October 10, 2002 conditional use permit for the pole barn to house the sawmill.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellee-Applicant= s motion is DENIED. Both attempted appeals were timely, measured from the approval of the written minutes of the meetings at which the decisions were made, as the Town of Burke ZBA did not issue any other written decision on those conditional use approvals and did not provide any written notice of the rights of aggrieved parties to appeal those ZBA decisions.

We will schedule a telephone conference for May 2 or May 9, 2003 to discuss setting this matter for trial.

Done at Barre, Vermont, this 14th day of April, 2003.

_____
Merideth Wright
Environmental Judge

---

**Footnotes**

[1.]  They have not been provided by either party, but the October 10, 2002 minutes refer to the September 11, 2002 minutes as having been approved that date.